*1033 RILEY, Chief Judge,
concurring in part and dissenting in part.
I would reverse part of the district court’s dismissal of Trooien’s negligent misrepresentation claim. I agree Trooien failed to plead many of his allegations of negligent misrepresentation with the particularity Fed.R.Civ.P. 9(b) requires, and thus dismissal of the lion’s share of Trooien’s negligent misrepresentation claim was appropriate under Fed.R.Civ.P. 12(b)(6). However, I believe in its subsequent Fed.R.Civ.P. 56 analysis the district court wrongly conflated the remaining portion of Trooien’s surviving negligent misrepresentation claim with his fraudulent misrepresentation claim.
In Bonhiver v. Graff, 311 Minn. Ill, 248 N.W.2d 291, 298-99 (1976), the Minnesota Supreme Court adopted what is now the Restatement (Second) of Torts (Restatement) § 552 (1977) definition of negligent misrepresentation claims involving pecuniary loss. See Florenzano v. Olson, 387 N.W.2d 168, 174 n. 3 (Minn.1986). As the majority recognizes, § 552 does not require proof of scienter but instead only requires a showing that the defendant “fail[ed] to exercise reasonable care or competence in obtaining or communicating the information.” Ante, at 1028. The Commentary to the Restatement stresses “[w]hat is reasonable is, as in other cases of negligence, dependent upon the circumstances” and “will vary according to a good many factors.” Restatement § 552 cmt. e. “The question is one for the jury, unless the facts are so clear as to permit only one conclusion.” Id.
The district court failed to apply or even acknowledge any of the language quoted in the preceding paragraph. For example, with respect to Mansour’s representation to Trooien that Sproqit had “contracts in place” with Bell Mobility, the district court merely held “the Bell Mobility statement ... is undisputedly true, and Trooien has failed to provide a factual basis sufficient to show that any other statements about those contracts were misrepresentations.” Trooien v. Mansour, Civ. No. 06-3197, 2009 WL 928325, *8 (Mar. 31, 2009). The Minnesota Supreme Court has recognized “[a] misrepresentation may be made ... by concealing or not disclosing certain facts that render the facts that are disclosed misleading.” M.H. v. Caritas Family Servs., 488 N.W.2d 282, 289 (Minn.1992). The district court did not analyze whether this true statement, by the concealment of other material facts, rendered the statement misleading, and Mansour potentially negligent for failing to disclose the other facts. It appears the district court impermissibly subjected Trooien’s negligent misrepresentation claim to the more exacting scrutiny it applied to his fraudulent misrepresentation claim.
Because the district court failed to consider Trooien’s negligent misrepresentation claim under the proper standard, I would remand for reconsideration — just as the majority properly disposes of Trooien’s Minn.Stat. § 80A.01(b) claim. The district court might have reached a different conclusion had it applied the Minnesota law of negligent misrepresentation independently and completely. Cf. SEC v. Fitzgerald, 135 F.Supp.2d 992, 1029 (N.D.Cal.2001) (finding a defendant’s failure to disclose that a contract was at best an option contract was misleading and negligent under the circumstances).
In all other respects, I concur.